UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LOSSIA, JR. and
ALEXANDRA PLAPCIANU,
individually and on behalf of
others similarly situated,

        Plaintiffs,

                                Case No. 15-12540

vs.

                                HON. GEORGE CARAM STEEH

FLAGSTAR BANCORP, INC.,
a/k/a FLAGSTAR BANK,

        Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS FEDERAL CLAIM WITHOUT PREJUDICE [DOC. 5]

Plaintiffs James Lossia Jr. and Alexandra Plapcianu filed this proposed class action lawsuit against Flagstar Bank alleging five state law claims and one federal claim. The federal claim is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and alleges that "Flagstar bank frequently furnishes inaccurate information to consumer reporting agencies by reporting that customers did not have sufficient funds in their checking accounts when the customers did in fact have sufficient funds." Complaint ¶ 126. The matter is before the court on defendant's motion to dismiss plaintiffs' complaint. Oral argument was held on October 21, 2015. For the reasons stated below, defendant's motion to dismiss the federal claim is GRANTED WITHOUT PREJUDICE.

FACTUAL BACKGROUND

In March 2015, plaintiffs filed a state court lawsuit in small claims court alleging that Flagstar Bank "deliberately manipulated debits" in plaintiffs' checking account. Plaintiffs dismissed their state court lawsuit and filed the present six-count class action lawsuit in federal court on July 17, 2015. The only federal law claim alleges a violation of the Fair Credit Reporting Act (FCRA), specifically 15 U.S.C. § 1681s-2. The gist of the FCRA claim is that Flagstar Bank furnished false information to consumer reporting agencies as a result of insufficient fund ("NSF") fees assessed by Flagstar. Plaintiffs allege that Flagstar knew this information was false, and "failed to correct and/or update the false information provided to consumer reporting agencies in violation of 15 U.S.C. § 1681s-2."

The five state law claims - breach of contract and breach of the covenant of good faith and fair dealing, unconscionability, conversion, unjust enrichment and violations of Michigan Consumer Protection Laws - focus on the manipulation and re-ordering of electronic check transactions. Defendant refers to another class action lawsuit, filed by different plaintiffs, pending in Oakland County Circuit Court[1] which focuses on Flagstar Bank's alleged manipulation of customers' account balances when engaged in point of sale (POS) transactions using debit cards or ATM cards. Defendant argues that both lawsuits cover the same subject matter - namely Flagstar's overdraft fees - so the plaintiffs' federal case should be dismissed and should be brought as part of the similar action pending in state court.

---

[1] The OCCC case is *Charlene Faris v. Flagstar Bank*, Case No. 15-145287-CZ, filed January 30, 2015.

ANALYSIS

I. Dismissal Standard

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555) (other citations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051 (6th Cir. 2011) (*citing Twombly*, 550 U.S. at 555).

II. Fair Credit Reporting Act

The Fair Credit Reporting Act exists "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52 (2007).  In order to prevent furnishers of information from providing inaccurate consumer-credit information, 15 U.S.C. §1681s-2 creates two

obligations. First, a furnisher has a duty to provide accurate information to consumer reporting agencies. §1681s-2(a). Second, a furnisher must conduct investigations and promptly report and correct inaccurate information in response to consumer disputes, but only when it receives notice from a consumer reporting agency about a particular dispute. §1681s-2(b); 1681i(a)(2).

A consumer does not have a private right of action to enforce a furnisher's duties under §1681s-2(a). §1681s-2(d); see also *Yaldu v. Bank of Am. Corp.*, 700 F.Supp.2d 832, 842 (E.D. Mich. 2010)(no private right of action exists under subsection (a)). A consumer plaintiff's right to sue furnishers extends only to those obligations under §1681s-2(b), i.e., the furnisher's duty to make a reasonable inquiry into an alleged dispute after receiving notice of the dispute from a consumer reporting agency. See *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615-16 (6th Cir. 2012). Defendant alleges that plaintiffs' FCRA claim must nevertheless be dismissed because plaintiffs have failed to allege that Flagstar received notice of the dispute from a consumer reporting agency.

Defendant is correct that plaintiffs' complaint does not assert that a credit reporting agency notified Flagstar of a dispute. In their response to the motion to dismiss, plaintiffs attempt to add additional facts. Specifically, plaintiff Lossia contacted Chexsystems, a credit reporting agency, on July 16, 2015, by telephone and in writing, disputing the information in the credit report and asking for an investigation. In support of this assertion, plaintiffs attach Lossia's Affidavit. Lossia acknowledges he never received a response from Chexxystems, and made a second written dispute on September 17, 2015.

The district court recognizes that whether statutory notice was actually given by a credit reporting agency is generally outside the plaintiff's knowledge at the pleading stage. *Khalil v. Transunion*, 2008 WL 2782912, *8 (E.D. Mich. 2008). "The FCRA does not require a CRA to tell a *consumer* when it notifies a *furnisher of information* about the consumer's dispute. As a result, a consumer may not, at the time of filing a complaint, be in a position to allege that notification." *Id.* (quoting *Lang v. TCF Nat. Bank*, 249 Fed. Appx. 464, 466 (7th Cir. 2007). Courts have therefore permitted plaintiffs to amend their complaints with information learned during discovery. See *id.*; *Hawes v. Bank of America*, 2013 WL 4053143 (E.D. Mich. 2013) (additional evidence procured during discovery indicated that defendant initiated a reinvestigation at the request of the credit reporting agencies; court therefore permitted amendment of complaint).

The court ordered defendant to provide basic initial disclosures within fourteen days of the hearing. Based on the information provided, plaintiffs may chose to file an amended complaint on or before November 23, 2015, stating a claim under the FCRA, in compliance with Rule 12(b)(6) pleading standards.

## CONCLUSION

For the reasons stated, plaintiffs' Fair Credit Reporting Act claim is dismissed without prejudice. Plaintiff may file an amended complaint on or before November 23, 2015.

Dated:  November 4, 2015

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 4, 2015, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk

---