UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LOSSIA, JR. and
ALEXANDRA PLAPCIANU,
individually and on behalf of
others similarly situated,

           Plaintiffs,

vs.

FLAGSTAR BANCORP, INC.,
a/k/a FLAGSTAR BANK,

           Defendant.
_____/

Case No. 15-12540

HON. GEORGE CARAM STEEH

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS BREACH OF CONTRACT CLAIM AND PERMITTING PLAINTIFFS TO AMEND CLAIM [DOC. 27]

Plaintiffs James Lossia Jr. and Alexandra Plapcianu filed this proposed class action lawsuit against Flagstar Bank alleging breach of contract and violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.  The case previously came before the court twice.  Initially, in response to the original complaint, Defendant filed a motion to dismiss the federal claim brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., which alleges that Flagstar Bank furnished false information to consumer reporting agencies as a result of insufficient fund fees ("NSF") assessed by Flagstar. The court granted Defendant's motion to dismiss without prejudice, and gave Plaintiffs an opportunity to file an amended complaint.  Plaintiffs filed their amended complaint on November 19, 2015.  Defendant then filed a motion to dismiss the five state law claims alleged in the amended complaint.  The court granted Defendant's motion to dismiss in

part, but allowed Plaintiffs an opportunity to file a second amended complaint to replead their breach of contract claim.  Plaintiffs filed their second amended complaint on February 25, 2016.  Thereafter, Defendant filed a motion to dismiss the breach of contract claim, which is presently before the court.  The court does not believe that it would benefit from oral argument, and so informed the parties that it would make a determination on the briefs pursuant to L.R. 7.1(f)(2).

## FACTUAL BACKGROUND

Plaintiffs are Flagstar customers who maintain or maintained a checking account with Flagstar pursuant to Flagstar's Terms and Conditions and Disclosure Guide (the "Deposit Agreement").  Plaintiffs contend that "Defendant wrongfully re-ordered and manipulated the order in which the transactions were processed, in violation of the Account Agreement, so that Plaintiffs incurred as many NSF fees as possible." (Doc. 33, Pg ID 1408). In Plaintiffs' Second Amended Class Action Complaint ("SAC"), they allege Defendant breached two separate contract provisions.  First, while Defendant's contract with its account holders states that it processes checks in the order in which they are received for the business day on which they are processed, Plaintiffs allege that Defendant's actual practice is to deliberately and frequently reorder transactions from highest to lowest until the customer's account is overdrawn.  Second, while Defendant's contract with its account holders states that there is a limit of five NSF charges per day, Plaintiffs allege that Defendant's actual practice is to frequently assess more than five NSF fees per business day.

## ANALYSIS

### I. Dismissal Standard

Rule 12(b)(6) allows the Court to assess whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555) (other citations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051 (6th Cir. 2011) (*citing Twombly*, 550 U.S. at 555).

### II. Breach of Contract

The elements of a breach of contract claim are "(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach." *AFT Michigan v. Michigan*, 303 Mich. App. 651, 660 (2014) (citation omitted).

Plaintiffs assert in Count One that Defendant breached the Deposit Agreement; specifically the provisions stating: "[w]e process checks and similar items second - in the order in which they are received for the business day on which they are processed" and "[t]here is a combined limit of five Non-Sufficient Funds Charges per business day." (SAC ¶¶ 105, 111).  Defendant moves to dismiss both allegations claiming that Plaintiffs have not pled a viable breach of contract claim.  The Court will discuss each allegation individually.

In assessing the breach of contract claim regarding reordering checks, the parties agree that the relevant portion of the Deposit Agreement states:

> Our policy is to process wire transfers, phone transfers, online banking transfers, in branch transaction, ATM transactions, debit card transactions, ACH transactions, bill pay transactions and items we are required to pay such as returned deposit items, first–as they occur on their effective date for the business day on which they are processed.  We process checks and similar items second–in the order in which they are received for the business day on which they are processed. (SAC Exhibit B, Page ID 1074).

In alleging the reordering of checks, Plaintiffs describe the transactions in question as "electronic check debit transactions." (SAC ¶ 59).  Elsewhere in the SAC, Plaintiffs repeat that the transactions are "electronic checks."  (SAC ¶¶ 29, 37, 48).  Additionally, Plaintiffs explain in their reply brief that they classified the transactions as electronic checks because the payments were made electronically from the Plaintiffs' checking account.  (Doc. 33, Pg ID 1408).  While Defendant may offer an electronic check feature, Plaintiffs' own bank statements indicate that the transactions in question are not classified as checks, but rather ACH payments or E-payments.  (SAC Exhibit E,

Page ID 1137, 1139-140).  Further, Plaintiffs' bank statement contains a Check Register in which none of the transactions in question are listed. (SAC Exhibit E, Page ID 1143).

The classification of transactions is crucial to the Court's analysis as Plaintiffs solely pled the reordering of checks in Count One of the SAC.  (SAC ¶ 105).  However, throughout the "Common Factual Allegations" of the SAC, Plaintiffs continually refer to the reordering of "transactions" or "charges" and not specifically checks.  (SAC ¶¶ 31, 35, 39, 42, 62).  Furthermore, in Plaintiffs' reply brief, Plaintiffs for the first time allege that ". . . the [Deposit] Agreement requires Defendant to process both types of transactions (the first type including wire transfers and ACH transactions, and the second type including checks and similar items) in the order in which they are made." (Doc. 33, Pg. ID 1405, 1407).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  It is not up to the Defendant or the Court to make Plaintiffs' claim for them.  In this case, Plaintiffs may intend Count One to incorporate the reordering of any transaction, but it only alleges reordering when processing checks.

The court holds that Plaintiffs have failed to state a valid claim for breach of contract.  However, given that the "Common Factual Allegations" of the SAC allude to contract provisions that Plaintiffs' breach of contract claim might be based upon, the Court will give plaintiff a second opportunity to amend its breach of contract count. Barring any unforeseen circumstances, this will be the last time the Court will allow

Plaintiffs the opportunity to amend its breach of contract count.  The Court implores counsel to plead carefully in filing a Third Amended Complaint.

In Plaintiffs' reply brief, Plaintiffs claim that without discovery on how Defendant classifies transactions, ". . . Plaintiffs cannot say with certainty how to appropriately classify each of the transactions at issue . . . ." (Doc. 33, Pg. ID 1406).  However, "there is no general right to discovery upon filing of the complaint."  *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir.2003).  In this case, Plaintiffs have been permitted discovery on their individual claims and should have in their possession enough facts to properly plead.

As Plaintiffs must amend Count One of their complaint, the Court does not find it necessary to rule on the motion regarding Plaintiffs' allegation that Defendant breached the contract by assessing more than five NSF charges per business day.

## CONCLUSION

For the reasons stated in this opinion and order, Defendant's motion to dismiss the breach of contract claim is GRANTED.  Plaintiffs may amend Count One to state a claim for breach of contract only, on or before August 19, 2016.

Dated:  August 5, 2016

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 5, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---